UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
CALVIN BUCHANAN,  :
 :
                      Petitioner,  :
 :  1:13-cv-06356 (ALC)
    -against-  :
 :  MEMORANDUM OPINION
WARDEN, FCI OTISVILLE,  :
 :
                      Respondent.[1]  :
------------------------------------------------------------x

ANDREW L. CARTER, JR., United States District Judge:

Petitioner Calvin Buchanan ("Petitioner"), currently incarcerated at the Federal Correctional Institution in Otisville, New York ("FCI Otisville"), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging his due process rights were violated at a prison disciplinary hearing. Petitioner seeks expungement of the hearing officer's findings, reinstatement of his good conduct time credit, and reimbursement for wages lost during his confinement in disciplinary segregation. (Pet. ¶ 10.) For the reasons stated below, the petition is DENIED.

I. BACKGROUND

Petitioner is currently serving a 211-month term of imprisonment, for convictions for conspiring to distribute and distributing cocaine base, in violation of 18 U.S.C. §§ 841 (b)(1)(A), (B) & 846 and 18 U.S.C. § 841 (b)(1)(B), respectively, and for unlawfully possessing a firearm both as a prior convicted felon and in furtherance of drug trafficking crime, in violation of 18 U.S.C. §§ 922(g) and 924(c), respectively. (Decl. of Adam M. Johnson dated December 17, 2013 ¶ 4) (hereinafter "Johnson Decl."). At approximately 2:00 a.m. on December 22, 2010, while Petitioner was an inmate at the Federal Correctional Institution in Fort Dix, New Jersey,

---

[1]     The Clerk of Court is respectfully directed to amend the case caption pursuant to Section III-A, *infra*.

COPIES MAILED

1

Petitioner reported to the Lieutenant's Office with second-degree burns on the right side of his face. (Decl. of Anthony Boyce, Ex. A, Discipline Hearing Officer Report at 10) (cited hereinafter as "DHO Report at __.") When questioned by Lieutenant J. Miosi of the Special Investigative Services Department ("SIS"), Petitioner initially claimed that he sustained the injury when an unidentified inmate inadvertently bumped into Petitioner while Petitioner was walking upstairs holding a cup of hot water. (*See* DHO Report at 10, 11, 13.)

The next day, the Petitioner recanted this story in another conversation with SIS Lieutenant Jacqueline Lansenberry. (*See* DHO Report at 13; *see also* Pet. Supp. ¶14.) Petitioner claimed this time that the injury occurred after another inmate he knew had thrown hot water on his face in retaliation for the Petitioner's slapping the inmate in the mouth during an altercation earlier in the day. (*See* DHO Report at 2, 13-14.) Petitioner stated that he gave the prior account because he did not want to be a "snitch." (DHO Report at 14.) A subsequent investigation by Lt. Lansenberry discovered that the other inmate received medical treatment for a small avulsion above his left upper lip on December 22, 2010, though he denied throwing water on or being slapped by Buchanan when interviewed. (DHO Report at 18.) The inmate had also reported to the Lieutenant's Office a few hours after Buchanan was burned, seeking protective custody for an unspecified reason. (DHO Report 14-15.) He eventually claimed that the request was prompted by an assault on him by two or three unknown assailants earlier that morning, but his only injury was the cut on his lip consistent with Buchanan's slap. (*See* DHO Report at 15, 18.) Lt. Lansenberry prepared an investigation report which included the foregoing, as well as photos of the inmate's injury and the inmate's medical assessment, and which was submitted to the Unit Disciplinary Committee ("UDC") at Fort Dix on February 2, 2011. (*See* DHO Report at 4-5.)

On February 2, 2011, the UDC charged Petitioner with assaulting another inmate in

violation of Prohibited Act Code 224. (*See* DHO Report at 1-2.) A hearing was scheduled before a disciplinary hearing officer and Petitioner was advised of his rights at the hearing on February 4, 2011. (*See* DHO Report at 5-7.) The hearing was conducted by Disciplinary Hearing Officer Anthony Boyce ("Boyce" or "DHO Boyce"). (*See* DHO Report at 3.) Petitioner requested to be represented by a specific staff representative, but the requested representative could not represent him because she had assisted in the investigation. (Pet. ¶ 9(b); DHO Report at 12; DHO Report at 1 (indicating Petitioner waived right to staff representative").)[2] Petitioner did not present any witnesses, but testified that he never admitted to slapping another inmate in the mouth and that his burns were caused by his spilling the water on himself. (*See* DHO Report at 2.)

Boyce, however, concluded that Petitioner had assaulted the inmate based in part on the investigatory report's recount of Petitioner's confession (*See* DHO Report at 2.) The DHO noted that he took into consideration Petitioner's denial of the assault and the confession but found that it was a "nothing-to-lose" attempt to deceive him and that the investigation report was more credible than Petitioner. (*See* DHO Report at 2.) DHO Boyce also relied on the medical report that documented an injury to the inmate's mouth consistent with getting hit in the mouth, as well as photos of the injury. (DHO Report at 2.) Petitioner was punished with seven days of disciplinary segregation, a deduction of twenty-seven days of good conduct time, and the loss of commissary, computer access, phone and visitation privileges for thirty days. (DHO Report at 2.)

On September 5, 2013, Petitioner filed the instant petition for habeas corpus under 28

---

[2]   *See also* 28 C.F.R. § 541.8(d)(1) ("you may request the staff representative of your choice, so long as that person was not a victim, witness, investigator, or otherwise significantly involved in the incident").

U.S.C. § 2241.³ Petitioner contends that his due process rights were violated because he never confessed to Lieutenant Lansenberry that he slapped the inmate, and that the investigation report was "misleading" as a result. (Pet. ¶ 9(a); Pet. Supp. ¶ ¶ 10, 27.) Additionally, Petitioner contends that the DHO's decision was not supported by reliable evidence and that the DHO did not act as an "impartial" adjudicator. (Pet. ¶ 9(a).) The Government argues in opposition that Petitioner's due process rights were not violated, and also moves for the petition to be amended to name only the Warden at FCI Otisville as Respondent. (Resp'ts' Opp'n at 7-13.)

## II. LEGAL STANDARDS

Under 28 U.S.C. § 2241(c)(3), this Court conducts habeas corpus review to determine whether a federal prisoner's detention is "in violation of the Constitution or laws or treaties of the United States." *See also McLean v. Terrell*, No. 11 Civ. 0401(RRM), 2012 WL 2457962, at *4 (E.D.N.Y. June 27, 2012). However, as a threshold matter, while habeas petitions may be brought "to expunge the [tribunal's] disciplinary sanctions from [a prisoner's] record including the loss of good time credits," *Carmona v. U.S. Bureau of Prisons,* 243 F.3d 629, 632 (2d Cir. 2001), claims for lost wages are not cognizable on § 2241 petitions because "habeas corpus does not provide for monetary damages." *Jenkins v. Haubert*, 179 F. 3d 19, 24 (2d Cir. 1999) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 507 (1973)). Thus, the Court denies the petition insofar as it seeks lost wages on this basis and will only consider below whether the disciplinary sanctions are consistent with federal law.

A disciplinary hearing comports with due process when an inmate is given:

---

³ While the record is devoid of any evidence of Petitioner's administrative appeals, Petitioner alleges that he filed a "BP-10 Regional Appeal" on March 13, 2011, which was denied on February 13, 2012, and that he thereafter submitted a final appeal to the Central Office in March 2012, which was denied on October 19, 2012. (Pet. Supp. ¶¶ 5-8.)

> [1] advanced written notice of the charges; [2] written notice of the charges; a fair and impartial hearing officer; [3] a reasonable opportunity to call witnesses and present documentary evidence; and [4] a written statement of the disposition, including supporting facts and reasons for the action taken.

*Luna v. Pico*, 356 F.3d 481, 487 (2d Cir. 2004) (citing *Kalwasinski v. Morse*, 201 F.3d 103, 108 (2d Cir. 1999)). In this case, Petitioner asserts only that he was denied an impartial hearing officer and that the hearing officer's decision itself violates due process.[4]

### III. DISCUSSION

#### A. Case Caption Amendment

As a preliminary matter, the Court grants the Government's motion to amend the petition to name only the Warden at FCI Otisville as the Respondent. (Resp'ts' Opp'n at 7.) The Supreme Court has held that a petitioner seeking habeas corpus relief under 28 U.S.C. § 2241 "should name his warden as respondent and file the petition in the district of confinement," and that "[t]he default rule is that the proper respondent is the Warden of the facility where the prisoner is being held . . . ." *Rumsfeld v. Padilla*, 542 U.S. 426, 427, 428 (2004). In this case, although the Petitioner is presently confined at FCI Otisville, the petition named FCI Fort Dix staff members Lieutenant Lansenberry and DHO Boyce as Respondents. (Pet. ¶ 1.) Accordingly, the Court respectfully directs the Clerk of Court to amend the caption to name only the Warden at FCI Otisville as Respondent. *See, e.g., David Hill v. New York*, No. 10 Civ. 0150(MAT), 2011 WL 2671506, at *1 (W.D.N.Y. July 8, 2011) (noting that, where petitioner failed to name proper respondent, "the situation [could] be rectified by amending the petition to name the

---

[4] The record indicates, in any event, that other elements of disciplinary hearing due process were satisfied in this case, as Petitioner was given advanced written notice of the allegations and hearing, (*see* DHO Report at 1, 4), an opportunity to call witnesses and present evidence in his defense, (DHO Report at 1, 6,), and a written statement of the evidence relied upon and the reasons for the disciplinary action. (DHO Report at 3.)

correct party").

### B. Sufficiency of the Evidence

The Supreme Court held in *Superintendent Massachusetts Correctional Institution, Walpole v. Hill* that due process is satisfied at a prison disciplinary proceeding if "there [is] *some evidence* from which the conclusion of the administrative tribunal could be deduced." 472 U.S. 445, 455 (1985). Notwithstanding *Hill's* broad language, however, the Second Circuit has indicated that the "some evidence" standard requires "reliable evidence," as opposed to "just any evidence." *See Luna v. Pico*, 356 F.3d 481, 488 (2d Cir. 2004). Nonetheless, "[a]scertaining whether this standard is satisfied *does not require examination of the entire record, independent assessment of the credibility of witness, or weighing of the evidence.* Instead, the relevant question is whether there is *any* [reliable] evidence in the record." *Hill*, 472 U.S. at 455-56 (emphasis added); *see also Rodriguez v. Lindsay*, 498 F. App'x 70, 72 (2d Cir. 2012).

In this case, the DHO's findings comport with the "some evidence" standard. Specifically, the hearing officer's determination of Petitioner's guilt was based on the investigation report, which included among other things the investigating officer's report of Petitioner's confession and corroborative physical evidence. (*See* DHO Report at 1-3.) While the report was admittedly hearsay, courts have routinely held that such evidence can constitute reliable evidence. *See, e.g., Louis v. Ricks*, No. 01 Civ. 9368, 2002 WL 31051633, at *13 n.25 (S.D.N.Y. Sept. 13, 2002) (collecting cases and noting that "hearsay is admissible in a disciplinary proceeding"), *report and recommendation adopted,* September 4, 2003 Order (ECF No. 21); *Espinal v. Goord,* No. 01 Civ. 6569, 2002 WL 1585549, at *1 (S.D.N.Y. July 17, 2002) (to satisfy due process "a decision adverse to a prisoner merely must have been supported by 'some evidence,' *whether hearsay or otherwise*") (emphasis added); *Young v. Coughlin*, No. 86 Civ. 2845(LLS), 1988 WL 34815, at *2 (S.D.N.Y. Apr. 5, 1988) (rejecting claim that "reliance

upon the Inmate Misbehavior report and failure to call the correction officers to testify" violated satisfied some evidence standard because "hearsay is admissible in [a disciplinary proceeding], and if sufficiently relevant and probative may constitute substantial evidence").

Petitioner argues, however, that due process was violated because there was no surveillance video evidence or confidential informant and victim testimony presented at the hearing, and because the "greater weight of the evidence" indicates "that [he did not] commit[] the prohibited act," since it would be "foolish and fabricated [sic] of him to admit to 'slapping' Mr. Hill only to Lt. Lansenberry, and deny it to everyone else." (Pet. Supp. ¶¶ 20, 27.) These arguments misapprehend the "some evidence" standard, however, as neither the Supreme Court nor the Second Circuit has ever required any particular type of evidence in disciplinary proceedings, and have emphasized that courts are not to reweigh the evidence when evaluating habeas petitions. *See Hill* at 472 U.S. 452 ("prison disciplinary proceedings take place in a highly charged atmosphere, and prison administrators must often act swiftly *on the basis of evidence that might be insufficient in less exigent circumstances*") (emphasis added); *Luna v. Pico,* 356 F.3d 481, 488 (2d Cir. 2004) (some evidence standard "*does not* require examination of the entire record, independent assessment of the credibility of witnesses, or *weighing of the evidence*") (emphasis added); *see also id.* at 489 ("We do not suggest that a victim must testify in a prison disciplinary proceeding before an accused inmate can be found guilty of assault.").[5]

---

[5] This Court similarly rejects Petitioner's contention that Boyce's reliance on the investigation report is contrary to the Second Circuit's decision in *Luna v. Pico*, 356 F.3d 481 (2d Cir. 2004). In *Luna*, the court held that misbehavior reports which merely recounted the accusations of the victim, who refused to testify or otherwise confirm his allegations, could not constitute "reliable evidence" without an "independent assessment" of his credibility by the hearing officer. *See id.* 489-90. To the extent *Luna* even applies here, its dictates are satisfied because Boyce conducted a credibility assessment of Petitioner before relying on the report of the confession. (*See* DHO Report at 2.)

7

### C. Impartial Adjudicator

The Second Circuit has held that "the degree of impartiality required of prison hearing officials does not rise to the level of that required by judges generally," and that due process is satisfied so long as the officer is not "a hazard of arbitrary decision making." *Francis v. Coughlin*, 891 F.2d 43, 46 (2d Cir. 1989); *see also Rossi v. Stevens*, No. 04 Civ. 01836, 2008 WL 4452383, at *8-9 (S.D.N.Y. Sept. 30, 2008). In this case, Petitioner contends that DHO Boyce was partial against him based on Boyce's alleged statement that he discredited Petitioner's testimony because to do otherwise would "send a message to senior staff that the veracity of their report and investigation is in question." (Pet. ¶ 9(b).) The Court finds this argument unpersuasive.

Boyce's alleged statement is, if anything, part and parcel of the credibility determinations he necessarily had to make given the conflict between Petitioner's testimony and the other evidence in the record. *See, e.g., Louis*, 2002 WL 31051633, at *13 (noting that "conflicting testimony requires a credibility determination" and "a determination of witness credibility is accorded particular deference") (citing *Simon v. Selksy*, No. 99 Civ. 5747(LAP)(JCF), 2002 WL 1205737, at * 5 (S.D.N.Y. Mar. 12, 2002). Boyce unequivocally stated in the report that he found Petitioner's testimony noncredible and that he was persuaded by the report of Petitioner's confession and the corroborative physical evidence. (*See* DHO Report at 2.) That the DHO would not want to send a message contrary to these very conclusions is evidence of his logic, not of any bias.

## IV. CONCLUSION

Based on the foregoing, the petition is DENIED. The Clerk of the Court is directed to amend the caption as indicated above, and to enter judgment and close this case.

**SO ORDERED.**

**Dated:** July 31, 2014
      New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**